UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE BRISCOE, | * | |
| Appellant, | * | Civil Action No.: 8:25-cv-02722-PX |
| v. | * | |
| MERRILL COHEN, *et al.*, | * | |
| Appellees. | * | |

* * * * * * * * * * * * * * * * * * * * * *

## MOTION TO DISMISS APPEAL

Pathik Rami ("Rami") and Safe Asset Group Limited Partnership ("Safe Asset"), Appellees/Creditors (collectively the "Appellees"), by their undersigned counsel, hereby file this Motion to Dismiss the appeal filed by Appellant/Debtor, Maurice Briscoe ("Briscoe"), and in support, state as follows:

On August 11, 2025, Briscoe filed a *Notice of Appeal* [Bkr. ECF No. 314 in Bankruptcy Case No. 23-12106-MCR] (the "Notice of Appeal"). The Notice of Appeal was docketed the same day. Although the Notice of Appeal purports to appeal from an Order entered on July 14, 2025, Appellees believe that the Order(s) being appealed by Briscoe are dated August 8, 2025 [Bkr. ECF Nos. 304-306 in Bankruptcy Case No. 23-12106-MCR].[1] Briscoe purports to present eight issues for consideration, all of which are interlocutory and/or unpreserved for any appeal.[2] Moreover, Briscoe never filed any motion for leave to appeal.

### I.  Briscoe Seeks To Appeal From Interlocutory Orders

---

[1] The documents on the docket dated July 14, 2025 are (1) Motion to Vacate Unauthorized Sale and for Sanctions against trustee for bad faith conduct [Bkr. ECF No. 300 in Bankruptcy Case No. 23-12106-MCR] and (2) Opposition on behalf of Appellees [Bkr. ECF No. 299 in Bankruptcy Case No. 23-12106-MCR].

[2] Appellees also note that Briscoe raises issues on appeal that were not raised in the appealed Order that is included in the record.

The Orders dated August 8, 2025 [Bkr. ECF Nos. 304-306 in Bankruptcy Case No. 23-12106-MCR] are interlocutory because they do not "finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (citations omitted). Interlocutory orders are only "appealable if they 'conclusively determine a disputed question, resolve an important issue completely separate from the merits of an action, and are effectively unreviewable on appeal from a final judgment." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 662 (4th Cir. 2005).

## II. Because Briscoe Did Not File a Motion for Leave to Appeal, the Court Should Treat the Notice of Appeal as a Motion for Leave to Appeal and Deny It and Dismiss the Appeal.

The District Court is required to make one of three choices when, as is the case here, the appellant has not filed a motion for leave to appeal interlocutory issues: either the Court can "(1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal." *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D.Md. 2012) (internal citations omitted). To avoid further filings and opportunities to extend this litigation even further, this Court should consider the notice of appeal as a motion for leave to appeal and deny it. Indeed, "[w]hen a litigant seeks leave to appeal from an interlocutory order of a bankruptcy court, the district courts in [the Fourth Circuit] have found guidance in the standard for certification of orders for interlocutory review by the circuit courts of appeal under 28 U.S.C. § 1292(b)." *Id.* Certification is proper when "(1) the 'order involves a controlling question of law'; (2) 'as to which there is substantial ground for difference of opinion'; *and* (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id* (citing 28 U.S.C. § 1292(b)).

Here, certification of these issues for appeal is improper. First, none of the issues involve a controlling question of law. Second, each of these issues have been relitigated over and over—

with the same result. There is no substantial ground for any difference of opinion. Finally, immediate appeal of these issues will not advance the ultimate termination of the litigation. Instead, it will just prolong Briscoe's vexatious use of the bankruptcy process and this Court as demonstrated in Appellee's prior motions.

    For all these reasons, Appellees request that this Court enter an Order denying leave to appeal, dismissing this appeal with prejudice and granting Appellees such other and further relief as the Court deems appropriate.

    Respectfully submitted,

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.
Federal Bar No. 07680
Levin Gann PA
1 W. Pennsylvania Avenue, Suite 900
Towson, Maryland 21204
410-321-0600 (direct)
410-339-5762 (fax)
sgannjr@levingann.com
*Attorneys for Appellees/Creditors*

## CERTIFICATE OF SERVICE

    I hereby certify that this 17th day of September 2025, a copy of the foregoing was filed and served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices and by e-mail to Mr. Maurice Briscoe, 9903 Nicol Court West, Mitchellville, Maryland 20721; mauricebriscoe@msn.com.

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.