USDC- BALTIMORE
'25 NOV 24 AM 9:29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (Southern Division)

**Maurice Briscoe, Appellant**
v.
**Pathik Rami, Safe Asset Group LP, et al., Appellees**

HD
Rcv'd by: ____

Case No.: 8:25-cv-02722-PX

# MOTION FOR STAY PENDING APPEAL

COMES NOW, the Appellant, **Maurice Briscoe**, pro se, and respectfully moves this Honorable Court to issue a **Stay Pending Appeal** of all actions, transfers, evictions, title changes, rent demands, or enforcement efforts relating to the properties and business interests affected by the order on appeal, including but not limited to:

- **5007 Liberty Heights Avenue**
- **3702 Liberty Heights Avenue**
- **1909 W. North Avenue**
- **3210 Garrison Boulevard**
- **All other properties listed in the bankruptcy estate**
- **Briscoe Job Well Done LLC (Appellant's business)**

This motion is brought pursuant to **Fed. R. Bankr. P. 8007, Fed. R. Civ. P. 62**, and the Court's inherent authority to maintain the status quo during appellate review.

# I. GROUNDS FOR THE REQUESTED STAY

1. **The appeal raises serious and substantial questions** including but not limited to:
   - Whether the Bankruptcy Court relied on a falsely claimed **$400,000 repair credit** submitted by Mr. Rami without receipts, permits, invoices, or proof.
   - Whether **5007 Liberty Heights Avenue** was improperly sold for $380,000 despite being under appeal.
   - Whether repair credits, insurance funds ($152,000), and payoff calculations were misrepresented.
   - Whether Briscoe Job Well Done LLC was improperly taken as part of the estate.
   - Whether the sale process was affected by false ownership claims and undisclosed information.
2. **Appellant faces irreparable harm without a stay.**
   Without a stay, Appellees may:
   - continue issuing 60-day notices,
   - continue diverting tenant rents,

- o continue taking possession actions,
- o transfer or encumber properties,
- o dispossess tenants,
- o record additional deeds or title changes,
- o permanently destroy Appellant's ownership rights and equity.

These harms **cannot be undone**, even if Appellant prevails on appeal.

3. **Balance of harms overwhelmingly favors Appellant.**
   A stay simply preserves the status quo.
   Appellees lose nothing by waiting.
   Appellant risks **everything**.
4. **Appellant is likely to succeed on the merits** because:
   - o The claimed $400,000 repair credit has **no receipts, no permits, and no supporting documentation**.
   - o The insurance payout ($152,000) was not properly credited.
   - o The true payoff was approximately **$13,000**, yet Appellees demanded **$90,000**.
   - o Prior to bankruptcy, Appellees made **false ownership claims** in Baltimore City Rent Court to remove tenants.
   - o Title activity, rent diversion, and notices continued **during the appellate period**, creating legal conflict.
5. **Public interest strongly supports a stay.**
   Protecting property rights, preventing potential fraud, and ensuring accurate judicial review promote fairness and integrity in bankruptcy proceedings.

# ☆ II. NOTICE OF CRIMINAL COMPLAINTS SUBMITTED TO FEDERAL AGENCIES

31. Appellant respectfully notifies the Court that he has prepared and is submitting a detailed **criminal complaint and federal referral** to multiple federal law-enforcement agencies, including:

- **United States Attorney's Office – District of Maryland (Criminal Division)**
- **Federal Bureau of Investigation – Baltimore Field Office (White Collar Crime / Public Corruption)**
- **Homeland Security Investigations – Financial Crimes Unit**
- **Other appropriate federal investigative authorities**

32. These criminal complaints describe conduct that **directly overlaps with the issues under appeal**, including:

- False claims of ownership used in Baltimore City Rent Court before bankruptcy;

- A fraudulent and undocumented **$400,000 repair credit**;
- Failure to credit the $152,000 insurance payout;
- False payoff calculations and the unlawful demand of **$90,000** on a balance of approximately **$13,000**;
- Rent diversion by Safe Asset Group during the appellate period;
- Deed activity and attempts to evict tenants during appeal;
- Misrepresentations presented to the Bankruptcy Court.

33. Because federal authorities may investigate these matters, it is essential that the Court issue a **Stay Pending Appeal** to prevent further transfers, evictions, or irreversible actions while overlapping criminal and civil issues are under review.

# III. RELIEF REQUESTED

Appellant respectfully requests that this Honorable Court issue an Order:

1. Staying all evictions, notices, rent demands, or collection efforts by Appellees involving any property listed in this appeal;
2. Staying all property sales, transfers, encumbrances, or title changes pending appellate review;
3. Enjoining Appellees and their agents (including Safe Asset Group LP and Sunshyne Real Estate/Management) from collecting rents, issuing notices, or entering properties during the pendency of this appeal;
4. Preserving the status quo until this Court resolves the appeal on the merits;
5. Granting any other relief deemed just and proper.

# IV. CONCLUSION

For these reasons, Appellant respectfully asks the Court to grant this **Motion for Stay Pending Appeal**.

Respectfully submitted,

**Maurice Briscoe**
9903 Nicol Court West
Mitchellville, MD 20721
Phone: 301-404-6932
Email: mauricebriscoe@msn.com
*Pro Se Appellant*
Date: 11-24-25