UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE BRISCOE, | * | |
| Appellant, | * | Civil Action No.: 8:25-cv-02722-PX |
| v. | * | |
| PATHIK RAMI, *et al.,* | * | |
| Appellees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION FOR STAY PENDING APPEAL

Pathik Rami ("Rami') and Safe Asset Group Limited Partnership ("Safe Asset") (collectively "Creditors" or "Appellees"), by their undersigned counsel, opposes the Motion for Stay Pending Appeal (the "Motion") [ECF No. 8] filed by Debtor, Maurice Briscoe ("Debtor" or "Appellant") and state as follows:

I. **Introduction**

As discussed in Appellees' Motion to Dismiss Appeal [ECF No. 5], the present appeal from Bankruptcy Case No. 23-12106-MCR (the "Bankruptcy Case") is part of the unending tortured saga of the relationship between Debtor/Appellant on the one hand and Creditors/Appellees on the other. Despite the tangled theories raised in Debtor/Appellant's *Motion For Stay Pending Appeal*, there are no issues properly preserved for this Court's review because the only orders that were timely appealed are interlocutory in nature and the other issues raised were not addressed by those orders.[1] The Orders at issue in this appeal [Bankruptcy Case ECF Nos. 304-306] were entered after

---

[1] Although the Notice of Appeal purports to challenge an order entered on July 14, 2025, the only docket entries dated July 14, 2025 are (1) Motion to Vacate Unauthorized Sale and for Sanctions against trustee for bad faith conduct [Bankruptcy Case ECF No. 300] and (2) Opposition on behalf of Appellees [Bankruptcy Case ECF No. 299], neither of which are orders. Appellees believe that the order(s) being appealed by Briscoe are dated August 8, 2025 [Bankruptcy Case ECF Nos. 304-306] (the "Orders").

1

Debtor requested and was denied the relief he had repeatedly sought previously. [Bankruptcy Case ECF Nos. 253, 256, 262, 265, 288, 293].

Not only does this appeal lack merit, but so too does the Appellant's Motion. Appellant neither filed a motion for leave to appeal the Orders nor filed a motion to stay the Orders in the Bankruptcy Case; both of which are prerequisites to proceeding with this action. Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court ... to act as it considers appropriate, including dismissing the appeal."); *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (It is well-established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal."). Accordingly, no stay is warranted and the Motion should be denied.

**II.     Analysis**

In order to obtain a stay pending appeal without posting a bond, Debtor would need to show "(1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay.*" Culver v. Boozer*, 285 B.R. 163, 166 (D. Md. 2002) (citing *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)). Additionally, Local District Court Rule 404.4 (Procedure Regarding Motion to Stay Pending Appeal) requires Debtor to file with the clerk of the District Court copies of all documents in the record of the Bankruptcy Court relevant to the appeal, along with the stay motion. Debtor failed to do so. As such, it is clear that Debtor cannot meet his burden of proof and that the Motion should be denied.

    *a.   There is No Likelihood of Success On The Merits Of Debtor's Arguments*

Debtor has failed to establish that the Orders will likely be reversed, nor can he. The source of Appellant's ire lies in the Bankruptcy Court's Order that adjudicated the amount and

enforceability of Appellees' claims against Appellant (the "Claims Order") [Bkr. ECF No. 253], which claims were properly filed in compliance with FRBP Rule 3001 (the "Claims") and "constitute[d] prima facie evidence of the validity and amount of the claim[s]." Fed. R. Bankr. P. 3001(f). Debtor failed to introduce any evidence to the contrary despite being afforded the opportunity to do so at the all-day evidentiary Hearing that the Bankruptcy Court held on March 17, 2025 (the "Hearing") Bkr. ECF No. 250. The Bankruptcy Court cannot be said to have erred when it was never presented with evidence to rebut the claim's presumptive validity.

The evidence and testimony presented at the Hearing were sufficient to establish that the Claims already accounted for the claim value reductions sought by Debtor and that his theories as to the Liberty Heights Property had no merit nor pertained to any estate asset. After acknowledging that the *Rooker-Feldman Doctrine* prohibited the Bankruptcy Court from re-adjudicating the merits of the underlying Judgments, the Bankruptcy Court made the relevant findings in the Claims Order:

> First, the Debtor argued that Mr. Rami failed to credit the amount owed by the Debtor on the judgment entered in Case No. 24-C-22-000489 with insurance proceeds Mr. Rami received as a result of a fire at the Liberty Heights Property. The [Defendants] presented uncontroverted evidence that the State Court considered the insurance proceeds prior to entry of the judgment in favor of Mr. Rami in that case. The judgment indisputably reflects a reduction in the amount of $152,714.21 as the result of a check Mr. Rami received from the insurer eight months before entry of the judgment. See [Appellants'] Ex. 15 (spreadsheet for amount due in Case No. 24-C-22-000489).

> Second, the Debtor argued that Mr. Rami failed to credit the amount owed by the Debtor on the judgment entered in Case No. 24-C-22-000488 with the value of the Garrison Property, which the parties removed from their financing deal. Again, the [Defendants] presented uncontroverted evidence that the State Court considered the value of the Garrison Property prior to entry of the judgment for Mr. Rami in that case. The Term Promissory Note on which the judgment is based was in the original principal amount of $290,000. See [Defendants'] Ex. No. 8 (complaint and note). This amount was reduced by the value of the Garrison Property, which was determined to be $85,000, prior to entry of the judgment by the State Court. See [Defendants'] Ex. No. 11 (spreadsheet for amount due in Case No. 24-C-22-

000488). Accordingly, contrary to the Debtor's assertions, the judgment entered by the State Court in Case No. 24-C-22-000488 reflects the disposition of the Garrison Property.

Finally, the Debtor argued that Mr. Rami sold the Liberty Heights Property without authority and that Mr. Rami failed to apply the proceeds from the sale of the Liberty Heights Property to the amounts owed on the judgments entered in Mr. Rami's favor. Once again, the [Defendants] presented indisputable evidence that Mr. Rami had authority to sell the Liberty Heights Property. Mr. Rami owned 100% of the membership interests in the limited liability company (5007 Liberty Heights Ave, LLC) that owned the Liberty Heights Property, and Mr. Rami agreed to transfer the membership interests to the Debtor under certain conditions. However, the conditions were not satisfied and Mr. Rami remained the owner of the limited liability company. He therefore had authority to sell the Liberty Heights Property. Mr. Rami gave detailed and undisputed testimony that there were no funds available to apply to the judgments after payment of closing costs, taxes, fines, legal expenses, and property repairs.

Claims Order, Bkr. ECF No. 253, pgs. 6-7.

The Orders, like the Claims Order before them, were properly grounded in the extensive factual and legal record presented by the parties and Debtor is unlikely to prevail in seeking reversal. As is clear from the record, Appellant's arguments about 5007 Liberty Heights Avenue (the "Property", the deduction of repair credits from the Property sale proceeds, and the alleged misapplication of insurance funds were all considered and rejected by the Bankruptcy Court in the Claims Order.

Since then, Appellant has spiraled into repeatedly filing frivolous motions that attack the trustee, the bankruptcy judge, and any person or entity he believes is affiliated with Appellees. The Orders that Appellant seeks to appeal from merely confirm earlier denials of relief that the bankruptcy court entered when previously presented with the same arguments. *Compare* Bankruptcy Case ECF Nos. 253, 256, 262, 265, 288, 293 *with* Bankruptcy Case ECF Nos. 304-306. The only novel issue presented is Appellant's argument regarding "Briscoe Job Well Done LLC," which is unpreserved because it is raised here for the first time on appeal and was never

4

raised below. The challenges to the sale of 5007 Liberty Heights Avenue (the "Property") are moot because: 1) The Trustee was not involved in the 2023 sale of and was not even the appointed trustee in the Bankruptcy Case when the Property was sold; and 2) the Property was never party of the bankruptcy estate and was sold in 2023 to a third party. See, e.g., *Sterling v. Blackwelder*, 405 F.2d 884, 884 (4th Cir. 1969) (holding moot an appeal seeking to challenge the sale of real property after that property is transferred to a bona fide purchaser for value and without first filing a supersedeas bond); *Khan v. Citibank*, No. 8:16-cv-3121-PX, 2017 WL 2311185, at *2–3 (D. Md. May 26, 2017) (dismissing debtor's appeal because the property at issue "ha[d] been sold to a third party and [debtor] no longer ha[d] any interest in the Property,"); *Afsar v. RJRE Invs., LLC*, No. 8:16-cv-3024-PWG, 2017 WL 1058159, at *2 (D. Md. Mar. 20, 2017) (noting that debtor's appeal "is now moot because [appellee] is apparently now in physical possession of the property formerly owned by [debtor]").

The only portions of the Orders that are not moot or unpreserved are unappealable interlocutory issues because they do not "finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (citations omitted). Interlocutory orders are only "appealable if they 'conclusively determine a disputed question, resolve an important issue completely separate from the merits of an action, and are effectively unreviewable on appeal from a final judgment." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 662 (4th Cir. 2005). Two of the Orders (Bkr. ECF No. 304 and 305) are denials of identical motions for sanctions against the Trustee, while the third order (Bkr. ECF No. 306) merely repeats the same arguments in a different wrapper. "A denial of a motion for sanctions is not final and is reviewable on appeal from a final judgment." *In re Topper*, 23 F. App'x 127, 128 (4th Cir. 2001) (citing *In re Underwriters at Lloyd's*, 666 F.2d 55, 58 (4th Cir.1981)). See also *Empresas Omajede, Inc. v. A.J.*

5

*Bennazar–Zequeir*, 213 F.3d 6, 9 (1st Cir.2000) ("The district court ... was without jurisdiction to hear appellants' appeal [of the bankruptcy court's order denying sanctions] before final judgment was granted in the underlying bankruptcy proceedings ..."); *In re Rambow*, 2010 WL 5137600 *1 (D.N.J.2010) (bankruptcy court's order denying motion for sanctions is interlocutory and not a final order).

Even if this court were to find that the Orders are reviewable interlocutory appeals, a stay pending review would still not be appropriate because Appellant does not assert that controlling law is unclear, a circuit split exists, or a novel and difficult question of first impression is presented. *Lacks v. Ultragenyx Pharm., Inc.*, --- F. Supp. 3d ---, 2025 WL 675036, at *19 (D. Md. Mar. 3, 2025). Instead, Appellant insists that Bankruptcy Court's factual findings were wrong. The Fourth Circuit has made clear "§ 1292(b) review is not appropriate where, for example, the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *United States ex rel. Michaels*, 848 F.3d at 341 (internal quotations omitted). At bottom, Appellant's alleged grounds for interlocutory appeal are disagreements with this court's application of controlling law to the facts of Appellant's case. Appellant has not demonstrated that interlocutory appellate review is necessary here. As a result, there is no basis for any complaint against the Trustee or to vacate the sale of the Property, any request for stay should be denied, and this appeal should be dismissed.

In conclusion, the Bankruptcy Court's decision to enter the Orders was not clearly erroneous given Debtor's failure to meet his burden of proof and given the extensive record that directly refutes Appellant's challenges. As such, it is extremely unlikely that Appellant will prevail on the merits.

  b. *Debtor Will Not Suffer Irreparable Injury If The Stay Is Denied*

Debtor complains that the failure to stay the underlying bankruptcy will irreparably harm him because, among other things, it will cause him to lose property rights and the protections afforded by Section 362 of the Bankruptcy Code. Not only is Debtor's argument unpreserved, it is also blatantly false. As discussed above, there was no interest to be protected by Section 362 at any time during the bankruptcy proceedings from 2023 onwards because Debtor does not have any present interest in the Liberty Heights Property and has not had even a colorable claim to an interest in the property since well before he filed bankruptcy when he defaulted on his payments to Rami. Moreover, the Trustee filed a Motion to Sell all of Debtor's assets, which was granted but never appealed, rendering moot Debtor's allegations, appeal and any alleged injury if no stay for appeal is entered in any event.

And if there is any prejudice to him caused by the denial of a stay, it is greatly outweighed by that suffered by Appellees and the other creditors who have watched him languish in his bankruptcy case for nearly two and half years.

    *c. Other Parties Will Be Substantially Injured By The Imposition Of A Stay*

Debtor contends that further delay "simply preserves the status quo" while conveniently ignoring the real and actual costs to creditors and third-parties. Debtor's creditors will be substantially injured by the entry of a stay, which, at a minimum, might pause the Bankruptcy Court's and the Trustee's efforts to administer the Estate's assets and will further prolong a straightforward Chapter 7 that has already ground on for nearly two and a half years. Debtor never confirmed a Chapter 13 plan, much less ever present any viable Chapter 13 plans, despite nearly a year, to repay his creditors and it seems unlikely that any of his creditors will be appreciably repaid under the current Chapter 7. Staying the underlying bankruptcy proceedings while Debtor attempts to relitigate matters that were fully and finally adjudicated by the state court Judgments and thoroughly reviewed by the Bankruptcy Court ensures that whatever assets remain in the Estate

7

will be consumed by burgeoning administrative costs. A stay would also substantially injure both Debtor's creditors and the occupants of the various rental properties managed by Debtor as they have been paying rent to Debtor that he has never fully and finally accounted for his receipts even after admitting to having diverted rents to his daughter in violation of Bankruptcy law and without accounting for them in violation of the Bankruptcy Court's Order to file monthly reports and its Show Cause Order after he failed to do so.

Debtor has further jeopardized the estate properties by failing to fully pay all water bills and real estate taxes due and by leaving the properties uninsured. Any stay of the bankruptcy proceedings below would only serve to further exacerbate the harm to the creditors and others and merely reward Debtor for his dilatory conduct throughout the bankruptcy proceedings.

    d. *No Public Interest Will Be Served By The Grant Of A Stay*

The public interest in this instance falls squarely on the side of the Appellees. Debtor has had ample opportunity to object to the Claims and to demonstrate any bias by the Bankruptcy Court. There is no legitimate interest, public or otherwise, to be served by allowing Debtor to continue tilting at windmills at the service of his interests alone.

**III.   Conclusion**

For all the reasons stated above, a stay pending appeal is inappropriate in this case. Accordingly, Appellees/Creditors Pathik Rami and Safe Asset Group Limited Partnership respectfully request that this Court enter an Order denying the Motion For Stay Pending Appeal and granting Creditors such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    /s/ *Stanford G. Gann, Jr.*
    Stanford G. Gann, Jr.
    Federal Bar No. 07680
    Jessica L. Duvall
    Federal Bar No. 21241

Levin Gann PA
1 W. Pennsylvania Avenue, Suite 900
Towson, Maryland 21204
410-321-0600 (office)
410-339-5762 (fax)
sgannjr@levingann.com
jduvall@levingann.com
*Attorneys for Appellees/Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that this 8th day of December, 2025, a copy of the foregoing was filed and served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices and by e-mail to Mr. Maurice Briscoe, 9903 Nicol Court, Bowie, Maryland 20721; mauricebriscoe@msn.com.

/s/ *Stanford G. Gann, Jr.*
Stanford G. Gann, Jr.