**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| MAURICE BRISCOE, | * | |
| Appellant, | * | |
| v. | * | Civ. No. 8:25-cv-2722-PX |
| MERRILL COHEN *et al.*, | * | |
| Appellees. | * | |
| | *** | |

## <u>MEMORANDUM ORDER</u>

Pending in this bankruptcy appeal is Appellees Merrill Cohen, Pathik Rami, and Safe Asset Group Limited Partnership (collectively, "Appellees")' motion to dismiss the appeal.  ECF No. 5. *See also* ECF No. 22 (renewed motion to dismiss).  Also pending is Appellant Maurice Briscoe's motion to consolidate cases, motion for a stay pending appeal, motion for leave to file appellant's brief out of time, and motion for leave to file a surreply.  ECF Nos. 4, 8, 12 & 18.  The motions are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the Court dismisses the appeal for failure to designate the record and denies Briscoe's motions as moot.

On March 29, 2023, Briscoe filed for Chapter 7 bankruptcy protection.  *See In re Briscoe*, No. 23-12106-MCR, ECF Nos. 1, 75, 209 (D. Md. Bankr.).  On August 11, 2025, Briscoe noted his appeal of an "the Order entered in this case on July 14, 2025, by the Honorable Maria Ruark."  ECF No. 1.  As for *which* order he appeals, Briscoe stated, "[t]he Order entered July 14, 2025 (ECF No. ___)" and notably left blank the bankruptcy docket number that corresponds with the "order."  *Id.* at 3.  Moreover, no "order" was docketed on July 14, 2025; the only two entries on

1

that day are Briscoe's "Motion to Vacate Unauthorized Sale and For Sanctions Against Trustee for Bad Faith Conduct," (Bankr. ECF No. 300), and Appellees' "Opposition to Debtor's Motion to Vacate Unauthorized Sale and For Sanctions Against Trustee for Bad Faith," (Bankr. ECF No. 299). Appellees assume that Briscoe intended to appeal the orders at Bankr. ECF Nos. 304 through 306 dated August 8, 2025. ECF No. 5 at 1. But the Court cannot make the same assumption because Briscoe failed to designate the appellate record as is required under Bankruptcy Rule 8009.

Accordingly, on March 16, 2026, this Court ordered Briscoe to show cause within fourteen days why the appeal should not be dismissed for failure to designate the record. ECF No. 19. The Court warned Briscoe that it will not accept "designation of the entirety of the bankruptcy docket (220 separate filings) as a proper designation in the context of his seriatim appeals." *Id.* (citing *Briscoe v. Rami*, No. 8:25-CV-1184-PX, 2026 WL 730239 (D. Md. Mar. 16, 2026), *aff'd*, No. 26-1376, 2026 WL 1602282 (4th Cir. June 4, 2026) and *Briscoe v. Herr*, No. 8:24-CV-3494-PX, 2026 WL 730237 (D. Md. Mar. 16, 2026)).

Briscoe responded on March 23, 2026, explaining that he "acknowledges that the prior designation of the record" was improper, and that he is "prepared to cure this issue immediately." ECF No. 20. Then on March 31, 2026, Briscoe filed a "corrected designation of record on appeal" in which he claims to designate "all docket entries related to the automatic stay," "all filings and orders related to the sale or transfer of estate property," "Trustee reports and filings by Merrill Cohen," "motions for relief from stay and related filings," "motions for relief from stay and related filings," "orders authorizing or approving sale of property, if any," "adversary proceeding filings, if applicable," "filings related to rental income, possession, or property control," and "final orders being appealed." ECF No. 23-1. He attached to this purported "designation" the entirety of the bankruptcy docket which reflects 334 separate filings. ECF No. 23-2.

On the merits, Appellees urge dismissal of the appeal as an improper challenge to interlocutory orders.  ECF No. 5 at 2 (quoting *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 662 (4th Cir. 2005)).  They also urge dismissal because, once again, Briscoe has refused to properly designate the record, which now has become "a persistent pattern of negligence that warrants dismissal."  ECF No. 22 at 2.  Because Briscoe's record designation amounts to no designation at all, the Court dismisses the appeal for failure to comply with Bankruptcy Rule 8009.

Bankruptcy Rule 8009 states that within 14 days of noticing an appeal, the appellant must "(A) file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and (B) file and serve the designation and statement on the appellee[.]"  This Court's Local Rule 404.2 expressly warns an appellant that if he "fails to designate the contents of the record on appeal . . . within the time required by Bankruptcy Rule 8009," the Court may, "upon motion of the appellee . . . or upon its own initiative, dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties."  D. Md. Loc. R. 404.2.  *See also Slavinsky v. Educ. Credit Mgmt. Corp.*, 362 B.R. 677, 679 (D. Md. 2007) (dismissing appeal for failure to designate record in violation of Rule 8006 (now Fed. R. Bankr. P. 8009)).

Bankruptcy Rule 8003(a)(2) (formerly cited as Rule 8001(a)) also provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal" is grounds for the Court "to act as it considers appropriate, including dismissing the appeal."  Fed. R. Bankr. P. 8003(a)(2).  Before dismissing an appeal under Rule 8003(a)(2), however, the Court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any

3

possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) ("a proper application of [the *Serra*] test will normally require a district court to consider and balance all relevant factors").

Briscoe has plainly, and intentionally, failed to follow the designation rules. His nonspecific, fuguelike "designation" accompanied with a list of all 334 bankruptcy docket entries, ECF Nos. 23-1 & 23-2, does not amount to a selection of those records which are the subject of the appeal.  Nor can the Court divine which records Briscoe intended to designate from his purported intent to include "all docket entries related to the automatic stay," or "all filings related to rental income, possession, or property control," or "all filings and orders related to the sale or transfer of estate property." ECF No. 23-1.  It is not this Court's job to sift through an expansive record, or to alternatively accept the entire bankruptcy docket as a compliant designation.  To hold otherwise runs counter to the rule requiring designation in the first instance.  *See, e.g.*, *Myers v. Schlossberg*, No. CV PX-18-3783, 2019 WL 414875, at *1–2 (D. Md. Feb. 1, 2019) (dismissing appeal for failure to designate record where "wholesale dumping" on the Court the entire bankruptcy docket did not constitute "designation" under Bankruptcy Rule 8009); *Green v. Prince George's Cnty. Off. of Child Support*, No. CV PJM-21-1335, 2022 WL 484938, at *3 (D. Md. Feb. 15, 2022) (striking appellant's purported "designated record" and eventually dismissing appeal where appellant "designated the <u>entire record</u> in his main bankruptcy case, five adversary complaints, as well as several other court orders, transcripts, and complaints") (emphasis in original).

Second, this Court gave Briscoe ample notice that he needs to comply with the rules or risk dismissal.  The Court issued its show cause order, ECF No. 19, and Briscoe improperly designated

the entire bankruptcy docket.  Moreover, he did so *after* this Court had dismissed two other of Briscoe's appeals for the same reason.  *See Briscoe v. Rami*, No. 8:25-CV-1184-PX, 2026 WL 730239 (D. Md. Mar. 16, 2026), *aff'd*, No. 26-1376, 2026 WL 1602282 (4th Cir. June 4, 2026) and *Briscoe v. Herr*, No. 8:24-CV-3494-PX, 2026 WL 730237 (D. Md. Mar. 16, 2026).  This seriatim refusal to comply with the designation rule simply cannot be countenanced.  *See, e.g.*, *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at \*3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants failed to satisfy procedural deadlines on appeal).

Third, Appellees' prejudice is evident.  Pathik Rami, Merrill Cohen, and Safe Asset have been parties in each of Briscoe's appeals where he failed to designate the record.[1]  Also in each appeal, Briscoe has clogged the dockets with largely irrelevant and facially meritless motions, to which Appellees had to respond.  Briscoe's failure to properly prosecute this appeal likewise "burdens this Court's docket and is prejudicial to the prompt administration of justice." *Strickland-Lucas v. Herr*, 600 F. Supp. 3d 585, 589 (D. Md. 2022).

Finally, given Briscoe's history of noncompliance with the applicable rules, dismissal is the most appropriate remedy.  *See also Strickland-Lucas*, 600 F. Supp. 3d at 589 (finding dismissal to be appropriate where "[the] case represents a complete failure by [Appellant]—without explanation—to pursue this appeal") (quoting *Lewis v. U.S. Tr.*, Civ. No. GJH-16-2440, 2017 WL 772407, at \*2 (D. Md. Feb. 27, 2017)) ("Although the Court recognizes that dismissal of a bankruptcy appeal for a procedural error is a harsh remedy that should not be imposed lightly . . . anything less would be futile given that Appellant has failed to pursue this appeal in a timely manner."); *Pelgrim v. Goldstein*, Civ. No. 24-01958-JRR, 2024 WL 4893642 (D. Md. Nov. 26, 2024) (dismissing pro se appellant's appeal where she designated the record but failed to file an

---

[1] *See Briscoe v. Herr et al.*, Civ. No. 8:24-cv-3494-PX (D. Md.); *Briscoe v. Rami et al.*, Civ. No. 8:25-cv-1184-PX (D. Md.).

opening brief). And even though "pro se litigants are ordinarily afforded some leeway," that Briscoe is pro se "does not obviate [his] duty to attempt to follow the Court's procedures and requests." *Slavinsky*, 362 B.R. at 679. Accordingly, based on the foregoing, the United States District Court for the District of Maryland hereby **ORDERS** that:

1. Appellees Merrill Cohen, Pathik Rami, and Safe Asset Group Limited Partnership's motions to dismiss the appeal, ECF Nos. 5 & 22, are **GRANTED**;

2. Appellant Michael Briscoe's bankruptcy appeal is **DISMISSED**;

3. Appellant Briscoe's motions at ECF Nos. 4, 8, 12 & 18 are **DENIED** as **moot**;

4. The Clerk shall **TRANSMIT** the Order to Appellees, **MAIL** copy of this Order to Appellant Briscoe; and

5. **CLOSE** this case.

July 21, 2026
Date

/s/
Paula Xinis
United States District Judge